UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY M. MERRITT,

          Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

          Defendant.

CASE NO. C11-5849 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 17), Plaintiff Zachary Merritt's ("Merritt") objections to the R&R (Dkt. 18), the Government's response (Dkt. 19), and Merritt's reply (Dkt. 20).

On August 1, 2012, Judge Strombom issued the R&R recommending that the Court affirm the administrative law judge's ("ALJ") decision to deny Merritt social security benefits. Dkt. 17. Merritt objects that (1) the ALJ failed to properly evaluate the medical evidence, (2) the ALJ failed to properly evaluate Merritt's testimony regarding his symptoms and limitations, (3) the ALJ failed to properly evaluate lay witness

ORDER - 1

evidence, (4) the ALJ improperly determined Merritt's residual functional capacity, and (5) the ALJ erred by basing his step five finding on vocational testimony made in response to a hypothetical that did not include all of Merritt's limitations. Dkt. 18.

## I. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A.     Medical Evidence**

Merritt objects to Judge Strombom's report as to four categories of medical evidence. The Court will address each category.

**1.     Richard Shuey, M.D., Catherine Owen, ARNP, and Jennifer Combs, ARNP.**

Merritt objects to Judge Strombom's conclusion that the ALJ's failure to consider this evidence was harmless error. Dkt. 18 at 2–3. Merritt selectively quotes a specific sentence from *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006), and argues that an "ALJ who properly evaluated this evidence and gave proper deference to it could have reached a different disability determination." Dkt. 18 at 3. The problem with Merritt's argument is making the leap from what a global assessment of functioning ("GAF") score indicates and Merritt's actual functional limitations. In this case, the ALJ properly accounted for Merritt's actual limitations based on other objective medical

evidence. Therefore, the Court finds that any error in failing to address a GAF assessment was harmless and adopts the R&R on this issue.

### 2.     Colin Joseph, Ph.D.

Judge Strombom found that the ALJ did not err by affording Dr. Joseph's 2007 and 2008 opinions little weight because Merritt showed improvement after the 2007 opinion and the objective medical evidence did not support the 2008 opinion. Dkt. 17 at 6–8. Merritt objects and argues that the Court "should hold that the ALJ's failure to properly evaluate and fully credit Dr. Joseph's opinion is legal error requiring reversal." Dkt. 17 at 8. The Court has reviewed the ALJ's findings (Dkt. 10, Administrative Record ("AR"), at 21–22) and agrees with Judge Strombom that the ALJ did not err in affording little weight to Dr. Joseph's opinions. Therefore, the Court adopts the R&R on this issue.

### 3.     Dr. Moore and Dr. Dooley

Dr. Moore opined that Merritt was "markedly limited in the ability to tolerate the pressures of a normal work setting." AR at 21. The ALJ discounted this opinion because it was not consistent with Merritt's statement that he was interested in starting a new job. *Id*. at 21–22. Merritt objects to this finding because it is not a legitimate reason to discount Dr. Moore's opinion. Dkt. 18 at 5–6. The Court disagrees and, as Judge Strombom concluded, this was a legitimate reason to discount Dr. Moore's opinion.

With regard to Dr. Dooley, the ALJ gave greater weight to Dr. Dooley's opinion that Merritt "was a good candidate for vocational rehabilitation." AR at 22. Merritt objects that "Dr. Dooley did not opine that Merritt could currently perform *competitive employment*; he merely opined that Merritt 'appears to be a good candidate for vocational

rehabilitation.'" Dkt. 18 at 6–7 (emphasis in original). Merritt is correct that Dr. Dooley did specifically refer to competitive employment. Merritt, however, fails to cite the complete statement from the ALJ that vocational rehabilitation would "match [Merritt] to a job in which he did not have to work with the general public and which would not be above his skill level." Therefore, Merritt's objection is without merit because it is Merritt who is "relying upon a mischaracterization of Dr. Dooley's opinion" and not Judge Strombom. The Court adopts the R&R on this issue.

### 4. Mental Health Therapists at Columbia River Mental Health and Tatiana Shelepova, M.D.

Merritt's arguments and objections to this evidence are based on the theory that an individual's GAF score directly correlates to an individual's functional limitations. Both the ALJ and Judge Strombom rejected this argument. The Court rejects the argument as well and adopts the R&R on this issue.

## B. Merritt's Credibility

Judge Strombom found that "the ALJ did not err in determining plaintiff to be less than fully credible." Dkt. 17 at 14. Merritt objects because "none of the ALJ's reasons for rejecting Merritt's testimony are specific, clear, and convincing, and because the ALJ based his credibility analysis on an improper evaluation of the medical evidence . . . ." Dkt. 18 at 10. These objections are without merit. First, the ALJ relied on Merritt's own statements and the objective medical evidence in finding Merritt's testimony less than fully credible. AR at 21.

1    Second, Merritt misstates the record when he argues that the "ALJ accepted the
2 fact that Merritt spends days in bed at times . . . ." Dkt. 18 at 10. The ALJ was stating
3 what Merritt testified and not what the ALJ accepted as true. Therefore, the Court agrees
4 with Judge Strombom and adopts the R&R on this issue.

5 **C.    Lay Witness Evidence**

6    The ALJ also rejected the testimony of Merritt's mother, Laurie Merritt. AR at
7 22–23. Judge Strombom found that the ALJ did not err in rejecting this testimony
8 because other evidence in the record was inconsistent with Ms. Merritt's testimony. Dkt.
9 17 at 14–15. Merritt objects and argues that none of the ALJ's reasons were germane to
10 Ms. Merritt's testimony. Dkt. 18 at 10–11. The Court disagrees because the ALJ cited
11 evidence in the record that contradicted Ms. Merritt's testimony regarding Merritt's
12 symptoms and limitations. Therefore, the Court adopts the R&R on this issue.

13 **D.    Residual Functional Capacity**

14    Judge Strombom found that the ALJ did not err in assessing Merritt's residual
15 functional capacity. Dkt. 17 at 15–17. Although Merritt objects to this finding, Merritt
16 simply presents a shortened version of his initial argument. *Compare* Dkt. 14 at 21–22
17 *with* Dkt. 18 at 11. Judge Strombom adequately addressed this argument. Therefore, the
18 Court adopts the R&R on this issue.

19 **E.    ALJ's Step Five Determination**

20    Judge Strombom found that the ALJ's step five determination was proper. Dkt. 17
21 at 18–19. Merritt objects, but presents his initial argument, which has been adequately
22 addressed in the R&R. Therefore, the Court adopts the R&R on this issue.

## II. ORDER

The Court having considered the R&R, Merritt's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **AFFIRMED**, and

(3) This action is **DISMISSED**.

Dated this 13th day of September, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge